Doc. Number
002

Case Number
03-C-0474-S
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
09/05/2003 11:15:15 AM CDT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, ) | |
| United States Department of Labor, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | NO._____ |
| v. ) | |
| ) | |
| LOCAL 538 OF THE UNITED FOOD ) | |
| AND COMMERCIAL WORKERS ) | |
| INTERNATIONAL UNION, AFL-CIO, CLC, ) | |
| ) | |
| Defendant. ) | |

_____)

**COMPLAINT**

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1.  Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481 et seq. (the "Act") for a judgment declaring that defendant's January 23-24, 2003 election for all contested offices is void, and directing defendant Local 538 of the United Food and Commercial Workers International Union, AFL-CIO to conduct a new election for these offices under plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §482(b).

## PARTIES

4.  Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action by 29 U.S.C. § 482(b).

5.  Defendant is an unincorporated association residing in the County of Dane, within the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7.  Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the United Food and Commercial Workers International Union, AFL-CIO, hereinafter referred to as the International, an international labor

organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8.   On January 23-24, 2003, defendant, purporting to act pursuant to its By-Laws and the International's Constitution, conducted an election of officers, subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9.   By letter dated February 7, 2003, to the Election Chairperson, the complainant, Joseph R. Jerzewski, a member in good standing of defendant, protested the defendant's January 23-24, 2003 election of officers.

10.   By letter dated February 12, 2003, to the complainant, the Election Chairperson denied the protest.

11.   By letter dated February 25, 2003, the complainant appealed the local's decision to the International President.

12.   Having invoked internal union remedies without obtaining a final decision, the complainant filed a complaint with the Secretary of Labor on May 7, 2003, under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

13.   By letter dated June 12, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended to July 18, 2003.

14.   By letter dated July 11, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's aforesaid election be extended to September 5, 2003.

15.   Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. § 481) had occurred in the conduct of the defendant's January 23-24, 2003 election; and (2) such violation had not been remedied at the time of the institution of this action.

16.   Section 401(e) of the Act (29 U.S.C. § 481(e)) was violated in the conduct of the defendant's January 23-24, 2003 election in that the local failed to mail election notices  to each member and information included in articles in the interior of the union's newsletters failed to constitute a satisfactory substitute for the statutory requirement.

17.   The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) found and alleged above may have affected the outcome of the January 23-24 election for all contested offices.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a)  declaring the defendant's election for all contested offices of Local 538 of the United Food and Commercial Workers International Union, AFL-CIO to be null and void;

(b)  directing the defendant to conduct a new election for all contested offices under the supervision of the plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

DATED this 5th day of September, 2003.

RESPECTFULLY SUBMITTED,

HOWARD M. RADZELY
Acting Solicitor of Labor

CAROL A. DE DEO
Associate Solicitor

RICHARD J. FIORE
Regional Solicitor

ANDREW D. AUERBACH
Counsel for Labor-Management Programs

LEONARD A. GROSSMAN
Attorney
U.S. Department of Labor

Office of the Solicitor
230 S. Dearborn, Rm. 844
Chicago Il 60604
(312)353-5709
Fax:(312)353-5608
Email:grossman-leonard@dol.gov

PETER D. KEISLER
Assistant Attorney General

J.B. VAN HOLLEN
United States Attorney

By:_____/s/_____

STEVEN PRAY O'CONNOR
Assistant United States Attorney
660 West Washington Avenue, Suite 303
Madison, Wisconsin 53703
(608) 264-5158
Email: steven.oconnor@udsoj.gov
Attorneys for Plaintiff